IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Inventergy LBS, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Sierra Wireless America, Inc.,**<br><br>    Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Inventergy LBS, LLC ("Inventergy"), through its attorneys, complains of Sierra Wireless America, Inc. ("Sierra Wireless"), and alleges the following:

**PARTIES**

1. Plaintiff Inventergy LBS, LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

2. Defendant Sierra Wireless America, Inc. is a corporation organized and existing under the laws of Delaware that maintains a principal place of business at 400 Interstate N. Parkway SE, Suite 900, Atlanta, GA, 30339.

1

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it maintains a principle place of business in this district and has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has an established place of business in this District. In addition, Inventergy has suffered harm in this district.

## PATENT-IN-SUIT

7. Inventergy is the assignee of all right, title and interest in United States Patent No. 8,760,286 (the "'286 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for

all relevant times against infringers of the Patent-in-Suit. Accordingly, Inventergy possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '286 Patent

8. The '286 Patent is entitled "System and method for communication with a tracking device," and issued 6/24/2014. The application leading to the '286 Patent was filed on 4/10/2012, which ultimately claims priority from provisional application number 61/065,116, filed on 2/8/2008. A true and correct copy of the '286 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '286 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '286 PATENT

10. Inventergy incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '286 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Sierra Wireless's Uplink GPS Asset Tracker (the "Exemplary Sierra Wireless Products") that infringe at least exemplary claims 1 of the '286 Patent (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalence. On information and

belief, numerous other devices that infringe the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

13. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '286 Patent. On information and belief, Defendant has also continued to sell the Exemplary Sierra Wireless Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '286 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '286 Patent.

14. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '286 Patent, literally or by the doctrine of equivalence, by selling Exemplary Sierra Wireless Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

15. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers'

infringement of the '286 Patent, literally or by the doctrine of equivalence, by selling Exemplary Sierra Wireless Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

16. Exhibit 2 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary Sierra Wireless Products. As set forth in these charts, the Exemplary Sierra Wireless Products practice the technology claimed by the '286 Patent. Accordingly, the Exemplary Sierra Wireless Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

17. Inventergy therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18. Inventergy is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Inventergy respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Inventergy respectfully requests the following relief:

A. A judgment that the '286 Patent is valid and enforceable;

B.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '286 Patent;

C.    An accounting of all damages not presented at trial;

D.    A judgment that awards Inventergy all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Inventergy for Defendant's infringement, an accounting:

    i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Inventergy be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.    that Inventergy be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.    that Inventergy be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 12, 2019        Respectfully submitted,

/s/Daniel A. Kent
Daniel A. Kent
  Georgia Bar Number 415110
  dankent@kentrisley.com
  Tel:  (404) 585-4214
  Fax:  (404) 829-2412
Stephen R. Risley
  Georgia Bar No. 606545
  steverisley@kentrisley.com
  Tel:  (404) 585-2101
  Fax:  (404) 855-4383
**KENT & RISLEY LLC**
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022
Tel:  (404) 585-4214
Fax:  (404) 829-2412


/s/ Isaac Rabicoff
Isaac P. Rabicoff
(to be admitted *pro hac vice*)
**RABICOFF LAW LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Inventergy LBS, LLC**